Amanda M. Perach, Esq. (NSBN 12399)
Kiley A. Harrison, Esq. (NSBN 16092)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
aperach@mcdonaldcarano.com
kharrison@mcdonaldcarano.com

*Attorneys for Defendant*
*Convergent Outsourcing, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VICKI WILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>Defendant. | Case No.:<br><br>**CONVERGENT OUTSOURCING, INC.'S NOTICE OF REMOVAL** |

**TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332 (d), 1441, 1446, and 1453, Defendant Convergent Outsourcing, Inc. ("Defendant") removes the action filed by plaintiff Vicki Will, individually and on behalf of all others similarly situated ("Plaintiff") in the Eighth Judicial District Court of Clark County, Nevada, Case No. A-22-861272-C ("State Court Action") to the United States District Court for the District of Nevada.

**JURISDICTION AND VENUE**

1. As set forth below, the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, and removal is proper under the Class Action Fairness Act of 2005, codified in part at 28 U.S.C. § 1332(d).

2. This Court is in the judicial district and division embracing the place where the State Court Action was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings, orders, and process are attached hereto as follows:

    a. Complaint attached as **Exhibit A**; and

    b. Services of Process attached as **Exhibit B**.

4. On December 13, 2022, Defendant's counsel informed Plaintiff's counsel of Defendant's intent to remove the State Court Action to this Court, and Plaintiff's counsel had no objection.

## THE ACTION AND TIMELINESS OF REMOVAL

5. On November 15, 2022, Plaintiff filed a Class Action Complaint (the "Complaint") against Defendant. *See* Exhibit A, Complaint. Plaintiff alleges claims for (1) negligence, (2) invasion of privacy, and (3) breach of implied contract.

6. On November 28, 2022, Plaintiff served Defendant with a copy of the summons and Complaint through the address of its registered agent. *See* Exhibit B, Service of Process. Accordingly, this removal is timely filed because it was filed within 30 days of November 28, 2022. 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stinging, Inc.,* 526 U.S. 344, 348 (1999) (time period for removal begins when the defendant is served).

7. One year has not elapsed from the date the action commenced in state court and thus this action may be properly removed. 28 U.S.C. § 1446(c)(1).

## CAFA JURISDICTION

8. This Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") (codified in pertinent part at 28 U.S.C. § 1332(d)). "Congress enacted CAFA with the intent . . . to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019) (internal quotations omitted).

9. Removal under CAFA is permitted where (1) the civil action is a class action as defined under 28 U.S.C. § 1332(d)(1)(B) (28 U.S.C. § 1332(d)(2)); (2) the members of the proposed class exceed 100 (28 U.S.C. § 1332(d)(5)(B)); (3) any member of the putative plaintiff class is a citizen of a state different from any defendant (28 U.S.C. § 1332(d)(2)(A)); and (4) the aggregate

amount in controversy exceeds $5 million, exclusive of interests and costs (28 U.S.C. §§ 1332(d)(2), (d)(6)).

10. As set forth below, Defendant may remove the State Court Action to federal court under CAFA because: (i) this action is pled as a putative class action; (ii) the putative class includes more than 100 members; (iii) Plaintiff is a citizen of a state different from that of Defendant; and (iv) the aggregated amount in controversy exceeds $5 million, exclusive of interests and costs.

### THE ACTION IS PLED AS A CLASS ACTION

11. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

12. Plaintiff seeks class certification under Nevada Rule of Civil Procedure 23. *See* Exhibit A, Complaint ¶¶ 42-52. The Supreme Court of Nevada has held that Nevada Rule of Civil Procedure 23 is "identical to its federal counterpart." *Meyer v. Eighth Jud. Dist. Ct.*, 110 Nev. 1357, 1363, 885 P.2d 622, 626 (1994). Thus, the first CAFA requirement is satisfied.

### THE PUTATIVE CLASS INCLUDES AT LEAST 100 MEMBERS

13. Plaintiff alleges the putative class has "millions of individuals." *See* Exhibit A, Complaint ¶¶ 1, 27.[1] Therefore, the second CAFA requirement is satisfied.

### MINIMAL DIVERSITY OF CITIZENSHIP EXISTS

14. Under 28 U.S.C. § 1332(d)(2)(A), the "district court shall have original jurisdiction" over a "class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."

15. <u>Plaintiff's Citizenship</u>. As alleged in the Complaint, Plaintiff "is a natural person residing in Clark County, Nevada." Exhibit A, Complaint ¶ 15. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See La. Mun. Police Emples. Ret. Sys. v. Wynn*, 829 F.3d 1048, 1056 (9th Cir. 2016). "[T]he existence of domicile for purposes of diversity

---

[1] For purposes of this Notice only, Defendant assumes the truth of allegations set forth in the Complaint. However, Defendant denies that it has any liability to Plaintiff or to the class he seeks to represent.

3

is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Since Plaintiff alleges he currently resides in Nevada, Plaintiff is a citizen of the State of Nevada.

16. <u>Defendant's Citizenship</u>. Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or where it has its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 93-94 (2010). Defendant is incorporated in and has its principal place of business in the State of Washington. A true and correct copy of Washington Secretary of State Records for Defendant is attached hereto as **Exhibit C**.

17. Minimal diversity exists because Plaintiff is a citizen of Nevada and Defendant is a citizen of Washington. As a result, the third CAFA requirement is satisfied.

## THE AMOUNT IN CONTROVERSY EXCEEDS THE CAFA THRESHOLD[2]

18. Where a complaint does not specify the amount of damages sought, as is the case with Plaintiff's Complaint, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount in controversy is satisfied. 28 U.S.C. § 1446(c)(2)(B). The United States Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to meet this standard. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83, 135 S. Ct. 547, 554 (2014); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 961 (9th Cir. 2020) (same).

19. Plaintiff requests the following relief, which, aggregated across the putative class of millions of individuals, places more than $5 million in controversy, exclusive of interests and costs:

20. <u>Damages</u>: "Plaintiff, on behalf of himself and the Class seeks (i) actual damages, economic damages, emotional distress damages, statutory damages, and/or nominal damages, (ii)

---

[2] The amounts set forth in this Notice of Removal are solely for purposes of establishing that the amount in controversy exceeds the $5 million threshold and are not intended and cannot be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount. Defendant denies liability, denies Plaintiff is injured or entitled to recover any amount, and denies that a class can be properly certified in this matter.

exemplary damages, [and] (iii) injunctive relief . . . ." Exhibit A, Complaint ¶ 10. Plaintiff further claims that the class members will incur "expenses for credit monitoring and identity theft . . . ." *Id.* ¶ 58.

21.     Plaintiff also alleges that identity theft "costs Americans billions of dollars a year" and that "[v]ictims of identity theft typically lose hundreds of hours dealing with the crime, and they typically lose hundreds of dollars." *Id.* ¶ 17.

22.     Plaintiff does not clearly allege the amount in damages that the class members have allegedly sustained. However, as Plaintiff recognizes, one potential estimate of the valuation of "tak[ing] remedial steps to protect themselves from future loss . . . in the coming months and years" is the cost of credit monitoring and identity theft services. *Id.* ¶¶ 7, 58.

23.     Three identity-protection agencies—Equifax, LifeLock, and Experian—advertise monthly rates for credit-monitoring services ranging from $9.99 to $24.99.[3] The cost of providing just one month of credit-monitoring services at $9.99 per month (the cheapest credit-monitoring service) multiplied by 1,000,000 (Plaintiff alleges that "millions" of individuals make up the class) is approximately $9,990,000. Plaintiff also alleges the class members sustained non-economic damages, which could potentially add to the amount in controversy.

24.     As a result, the fourth CAFA requirement is satisfied by a preponderance of the evidence.

## CONCLUSION

25.     Defendant removes the State Court Action to the United States District Court for the District of Nevada based on original jurisdiction under 28 U.S.C. § 1332(d).

26.     Promptly after filing this Notice, Defendant will file a copy of it with the clerk of the state court in which this action is pending and will give written notice to counsel for Plaintiff, as required by 28 U.S.C. § 1446(d).

27.     This Notice of Removal is submitted without waiver of any procedural or substantive

---

[3]     *See* https://www.equifax.com/personal/products/credit/monitoring-and-reports/ (last visited December 5, 2022); https://lifelock.norton.com/#planschart (last visited December 5, 2022); https://www.experian.com/consumer-products/compare-identity-theft-products.html (last visited December 5, 2022).

1  defense that may be available to Defendant and without admitting any of the allegations contained
2  within the Complaint.
3      28.    The undersigned counsel for Defendant has read the foregoing and signs this Notice
4  pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. § 1446(a).
5  DATED this 16th day of December, 2022.

McDONALD CARANO LLP

By: */s/ Amanda M. Perach*
    Amanda M. Perach, Esq. (NSBN 12399)
    Kiley A. Harrison (NSBN 16092)
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, Nevada 89102
    aperach@mcdonaldcarano.com
    kharrison@mcdonaldcarano.com

*Attorneys for Defendant*
*Convergent Outsourcing, Inc.*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that I am an employee of McDonald Carano LLP, and that on this 16th day of December, 2022, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL** to be served via this Court's CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

                */s/ Kimberly Kirn*
                An employee of McDonald Carano LLP

## INDEX OF EXHIBITS

| Description | Exhibit No. |
|---|---|
| Complaint | A |
| Services of Process | B |
| Washington Secretary of State Records for Defendant | C |